UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUVASIVE, INC., a Delaware corporation,<br><br>                      Plaintiff,<br><br>vs.<br><br>MADSEN MEDICAL, INC., et al.,<br><br>                      Defendants.<br><br>MADSEN MEDICAL, INC., a Nevada corporation,<br><br>                      Counterclaimant,<br><br>vs.<br><br>NUVASIVE, INC., a Delaware corporation,<br><br>                      Counterdefendant. | Case No.: 13cv2077 BTM(RBB)<br><br>**ORDER GRANTING RULE 60(b) MOTION FOR RECONSIDERATION RE SPOLIATION INSTRUCTION** |

Plaintiff and Counterdefendant Nuvasive, Inc. ("Nuvasive"), has filed a motion for an order vacating the Court's Order Granting in Part and Denying in

Part Defendants' Motion for Sanctions for Spoliation of Evidence [Doc. 166]. For the reasons discussed below, Nuvasive's motion is **GRANTED**.

## I. BACKGROUND

Previously, Defendants Kris Madsen ("Madsen") and Madsen Medical, Inc. ("MMI"), filed a motion for sanctions for NuVasive's spoliation of evidence (specifically, text messages of Stephen Kordonwy, Ed Graubart, Jeff Moore, and Frank Orlando). In an order filed on July 22, 2015, the Court granted in part Defendants' motion and ruled that it would give the following adverse inference instruction:

> NuVasive has failed to prevent the destruction of evidence for MMI's and Ms. Madsen's use in this litigation after its duty to preserve the evidence arose. After considering all of the pertinent facts and circumstances, you may, but are not obligated to, infer that the evidence destroyed was favorable to MMI and unfavorable to NuVasive.

On July 28, 2015, NuVasive filed a motion to amend the adverse inference jury instruction to allow the jury to draw an adverse inference from Defendants' alleged spoliation of evidence as well. In an order filed on September 24, 2015, the Court denied NuVasive's motion. The Court explained that NuVasive had not

established that it is entitled to a spoliation sanction against Defendants. However, the Court explained that it would allow both sides to offer evidence at trial regarding the other side's failure to preserve evidence.

## II. DISCUSSION

NuVasive seeks relief under Rule 60(b) based on an amendment to Federal Rule of Civil Procedure 37(e), which went into effect on December 1, 2015. As discussed below, the Court finds that the requested relief is warranted.

The Supreme Court ordered that the amendments to the Federal Rules of Civil Procedure shall take effect on December 1, 2015, "and shall govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." (House Document 114-33 attached as Ex. A to Wegner Decl.) As amended, Rule 37(e) provides:

> **Failure to Preserve Electronically Stored Information.** If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:

>    (A) presume that the lost information was unfavorable to the party;
>
>    (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>
>    (C) dismiss the action or enter a default judgment.

The Committee Notes explain that in cases where a party has failed to take reasonable steps to preserve electronically stored information and such failure has resulted in prejudice to another party, the court is authorized to employ measures "no greater than necessary to cure the prejudice."  However, the measures employed under (e)(1) should not have the effect of the measures that are permitted under (e)(2) only upon a finding of intent to deprive another party of use of the information in the litigation.  The Committee Notes state:

> In an appropriate case, it may be that serious measures are necessary to cure prejudice found by the court, such as forbidding the party that failed to preserve information from putting on certain evidence, permitting the parties to present evidence and argument to the jury regarding the loss of information, or giving the jury instructions to assist in its evaluation of such evidence or argument, other than instructions to which subdivision (e)(2) applies. Care must be taken, however, to ensure that curative measures under subdivision (e)(1) do not have the effect of measures that are permitted under subdivision (e)(2) only on a finding of intent to deprive another party of the lost information's use in the litigation.

It is clear from the language of (e)(2) as well as the Committee Notes that the adverse inference instruction that the Court was going to give falls within the

measures that are not permissible absent a finding of intent. The Committee Notes explain: "Subdivision (e)(2) applies to jury instructions that permit or require the jury to presume or infer that lost information was unfavorable to the party that lost it. Thus, it covers any instruction that directs or permits the jury to infer from the loss of information that it was in fact unfavorable to the party that lost it."

In its prior orders, the Court did not make any finding that NuVasive *intentionally* failed to preserve the text messages so that Defendants could not use them in this litigation. Instead, the Court found that NuVasive was at fault for not enforcing compliance with the litigation hold. The record does not support a finding of intentional spoliation by NuVasive. Therefore, under Rule 37(e), as amended, it would not be proper for the Court to give the adverse inference instruction.

"Generally a new procedural rule applies to the uncompleted portions of suits pending when the rule became effective . . . ." Richardson Electronics, Ltd. v. Panache Broadcasting of Pennsylvania, Inc., 202 F.3d 957, 958 (7th Cir. 2000). Thus, in W.E. Aubuchon Co., Inc. v. Benefirst, LLC, 245 F.R.D. 38 (D. Mass. 2007), the court applied amendments to Rule 26 regarding electronic discovery in ruling upon a motion for reconsideration even though the case was filed and the discovery dispute arose before the effective date of the amendment. In this case, the amendment to Rule 37(e) was not in place when the case was filed, when discovery was taken, or when the Court ruled on Defendants' motion for sanctions.

However, the Court has not yet given the adverse inference instruction because trial has not yet taken place.  Trial is scheduled to commence on February 1, 2016. Therefore, the new rule applies to the trial proceedings.

Defendants, however, argue that the Court should not apply the current Rule 37(e) and should deny NuVasive's motion for relief.  First, Defendants argue that NuVasive's instant motion is untimely.  The Court disagrees.  A motion under Rule 60(b) must be made within a reasonable time.  Fed. R. Civ. P. 60(c)(1).  Although the amendments to Rule 37 were approved by the Supreme Court in April 2015, the new rule did not go into effect until December 1, 2015.  NuVasive brought its motion on December 10, 2015.  The Court finds that it was reasonable for NuVasive to bring its motion after the effective date of the new rule.

Next, Defendants argue that it is neither "just" nor "practicable" to apply the new rule because:  (1) the mere fact that trial was postponed to February 2016 due to the Court's schedule should not have the effect of absolving NuVasive of its discovery misconduct; (2) application of the amended rule would cause substantial prejudice to MMI, which took discovery and filed its spoliation motion under the standard applicable at the time; and (3) there is no alternative sanction that would remedy the prejudice to MMI caused by NuVasive's destruction of evidence.

It is true that NuVasive has had a bit of good luck in that trial is scheduled for February, after the effective date of the new rule.  Conversely, Defendants have had some bad luck with respect to timing of the new rule and trial.  However, the fact remains that through no fault of NuVasive's, trial is scheduled after the effective date of the new rule.

As for the alleged prejudice suffered by Defendants, the Court is not convinced that there is any prejudice.  Defendants argue that during depositions of NuVasive's witnesses to determine whether they had destroyed evidence, "Madsen did not inquire of Mr. Kordonowy or NuVasive's other employees whether they deleted those messages so as to deprive Madsen of the use of those messages in this litigation (as the amended Rule 37(e) arguably requires) because that was not the governing standard at the time." (Opp. at 6:21-24.)  Defendants go on to state: "It would be patently unfair to retroactively impose a different standard than was in place when Madsen took the discovery necessary to demonstrate NuVasive's wrongdoing." (Opp. at 6:24-7:2.)

But even under the standard applied by the Court in initially ruling upon Defendants' motion for sanctions, intent was relevant.  One of the factors considered by the Court was the degree of fault of the party who altered or destroyed the evidence.  See Apple, Inc. v. Samsung Electronics Co., Ltd., 888 F. Supp. 2d 976, 992 (N.D. Cal. 2012).  Thus, the importance of intent, if it can be

proved, is not new. At any rate, Defendants probably did not ask the witnesses whether they intentionally destroyed the text messages because in all likelihood, they would have denied it.

Finally, it is not accurate to say that Defendants have no remedy or recourse. The Committee Notes explain:

> The subdivision does not apply to jury instructions that do not involve such an inference. For example, subdivision (e)(2) would not prohibit a court from allowing the parties to present evidence to the jury concerning the loss and likely relevance of information and instructing the jury that it may consider that evidence, along with all the other evidence in the case, in making its decision. These measures, which would not involve instructing a jury it may draw an adverse inference from loss of information, would be available under subdivision (e)(1) if no greater than necessary to cure prejudice.

The Court will allow NuVasive and Defendants to present evidence to the jury regarding the loss of electronically stored information and will instruct the jury that the jury may consider such evidence along with all other evidence in the case in making its decision.

### III. CONCLUSION

For the reasons discussed above, NuVasive's Rule 60(b) motion is **GRANTED**. The Court **VACATES** its Order Granting in Part and Denying in Part Defendants' Motion For Sanctions for Spoliation of Evidence [Doc. 166]. Instead of giving an adverse inference instruction, the Court will allow the parties to present

evidence to the jury regarding the loss of electronically stored information and the likely relevance of that information, and will instruct the jury that the jury may consider such evidence along with all other evidence in the case in making its decision.

**IT IS SO ORDERED.**

Dated: January 26, 2016

_____
Barry Ted Moskowitz, Chief Judge
United States District Court